UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 09-113-KSF

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                           **OPINION & ORDER**

DAVID ATREYEL CAMPBELL
aka DAVID ATREYEL CAVINESS                                                                  DEFENDANT

* * * * * * * * *

This matter is currently before the Court upon the motion of the defendant, David Atreyel Campbell, aka David Atreyel Caviness, to suppress all evidence seized from the search of storage unit number 630 at 1901 Liberty Road, Lexington, Kentucky [DE #14].  Specifically, the defendant argues that the search warrant failed to establish probable cause and thus the search and seizure of three firearms violated his rights under the Fourth Amendment to the United States Constitution. The United States has filed its response objecting to the defendant's motion.  For the reasons set forth below, the defendant's motion to suppress will be denied.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

The relevant facts are not in dispute.  According to the United States, on or about June 16, 2009, law enforcement officials from the Lexington Police Department and the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") received information from a confidential informant ("CI") that two individuals, later identified as Antonio Johnson and Daniel Hicks, intended to commit a home-invasion robbery of a man known as "D.C." in Nicholasville, Kentucky. The officers later determined that D.C. was the defendant, David Atreyel Campbell, aka David Atreyel Caviness, and that he had a prior felony conviction for wanton endangerment, first degree.

The CI subsequently informed the officers that he had a conversation with Hicks in which Hicks discussed planning the robbery with Johnson, and that Johnson had performed surveillance on the defendant's residence in Nicholasville. The CI also informed the officers that Johnson had offered to sell him a firearm. The Lexington Police detectives thereafter obtained arrest warrants for Johnson and Hicks for attempted robbery.

The next day, June 17, 2009, the CI, at the direction of the officers, purchased a semiautomatic rifle from Johnson. At the completion of that transaction, Johnson was arrested. The CI was again interviewed by the officers and told them that Johnson said the defendant had a storage unit at an un-named storage facility off Liberty and New Circle Roads, and that the storage unit contained money, drugs and firearms. The officers determined that the storage unit was located at Space Center Storage on Liberty Road.

On the morning of June 18, 2009, Lexington Police Detective William Persley and Officer B.J. Blank interviewed an employee of Space Center Storage who confirmed that she was familiar with the defendant and that he paid the rent for a storage unit rented to Natasha King, his family member. The officers determined that the storage unit in question was number 630.

Other officers then arrived at Space Center Storage, including K-9 Officer Courtney Komara and her certified narcotics dog, "Buck," a Labrador Retriever. Buck has been trained to give a positive response when he smells the odor of narcotics. Officer Persley informed Officer Komara about the information he learned about the planned home invasion, as well as the information gleaned from the employee of Space Center Storage. Officer Komara then deployed Buck at storage unit number 627. Buck gave a positive response for the odor of narcotics when he reached storage unit number 630.

Based on Buck's positive alert, and the information provided by Officer Persley, Officer

Komara applied for a search warrant for storage unit number 630 at Space Center Storage. Her affidavit contains a description of the storage unit to be searched, a statement of facts including the results of Officer Persley and the other officers' investigation, and the positive response from Buck. Her affidavit also includes the following information about the training and certification of Buck:

> "Buck" is a Labrador Retriever with identification number #03-287. "Buck" was certified as a Narcotics Detection Canine at the Bohne Liche Kennels located in Peru, Indiana. "Buck" attended a training course in the detection of cocaine, marijuana, heroin, and methamphetamine. "Buck" also successfully completed a 120 hour Single Purpose Narcotic Detector Dog/ Handler Course at Vohne Liche Kennels in Peru Indiana on February 6, 2004. Officer C. Komara #42813 is a [sic] "Buck's" only handler, and both attended a five week training course by the Canine Unit, Lexington-Fayette Urban County Police Department in Lexington, KY on July 07, 2007, "Buck" is certified through the United States Police Canine Association in narcotic detection and both "Buck" and I recertified on June 10, 2009.

The search warrant was signed by Fayette District Court Judge Julie Goodman at 11:59 a.m. on June 18, 2009. Pursuant to the search warrant, the officers were authorized to search storage unit number 630 and seize money, drugs, firearms, and other items used as a means of committing crime [DE # 17-2].

The search warrant was subsequently executed by Lexington Police Detectives and ATF special agents. During the search, Detective Todd Iddings discovered three firearms: a Ruger, Model Ranch Rifle, .223 caliber semiautomatic rifle; a Hi-Point, Model 995, 9 millimeter caliber semiautomatic rifle; and an Auto Ordinance, Mondel 1928, .45 caliber machine gun. The officers also found other items identifying the defendant, including his jail identification card and pictures of the defendant. Although no narcotics were found during the search, Buck continued to alert inside the storage unit.

A federal warrant was subsequently obtained to search the defendant's residence in Nicholasville. According to the defendant, no controlled substances, currency, or firearms were

found at his residence.

A federal grand jury in the Eastern District of Kentucky returned a four-count indictment against the defendant on July 1, 2009 [DE #2]. Count One charges the defendant with being a felon in possession of three firearms, in violation of 18 U.S.C. § 922(g)(1). Count Two charges him with possessing a machine gun, in violation of 18 U.S.C. § 922(o)(1), and Count Three charges him possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). Count Four of the indictment seeks forfeiture of the firearms pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461. This matter is currently set for trial on September 8, 2009.

**II.    THE DEFENDANT'S MOTION TO SUPPRESS**

The defendant now moves the Court to suppress the evidence obtained during the search of storage unit number 630 on the grounds that the affidavit failed to provide probable cause for the issuance of the search warrant for two reasons. First, the defendant contends that the search warrant is based on completely false statements made by Johnson to the CI. Specifically, the defendant points out that although Johnson told the CI he would sell him an automatic firearm, the gun provided at the sale was a semiautomatic. The defendant also notes that although Johnson told the CI that he was at the storage unit with the defendant on June 12, 2009, the records obtained from the facility indicate that the storage unit had not been accessed since April 8, 2009. Finally, the defendant notes that Johnson was wrong when he told the CI that the storage facility contained drugs and money.

Second, the defendant argues that the search warrant fails to include information related to the training and reliability of Buck. While the search warrant contains information about Buck's training, the defendant argues that it does not include any information about Buck's reliability. For these reasons, the defendant argues that the affidavit in support of the search warrant fails to

establish probable cause and, therefore, the fruits of the search should be suppressed.

### III.     ANALYSIS

To be valid, a search warrant must be supported by probable cause. *United States v. Berry*, 90 F.3d 148, 153 (6th Cir. 1996). Probable cause is defined as "a 'fair probability' that contraband or other evidence of a crime will be found in the place to be searched." *Id*. (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Probable cause requires more than suspicion of criminal activity, but less than prima facie proof. *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990). This Court does not undertake a *de novo* review of the sufficiency of the affidavit. Rather, an issuing judge's determination of probable cause is entitled to great deference, requiring only that, "in light of the totality of the circumstances, the [issuing judge] had a 'substantial basis' for concluding that 'a search would uncover evidence of wrongdoing.'" *United States v. Sonagere*, 30 F.3d 51, 543 (6th Cir. 1994)(quoting *Illinois v. Gates*, 462 U.S. at 236). "The affidavit is judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added." *United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000). The Court's review is limited to the "four corners of the affidavit." *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006).

While the defendant challenges the truthfulness of Johnson's statements to the CI, the Court notes that subsequent police investigation corroborated portions of the CI's tip to law enforcement. Specifically, the officers uncovered the location of the storage unit, and, based upon an interview with an employee of the Space Center Storage, learned that it was rented by Natasha King who was later determined to be the defendant's sister. They also discovered that the defendant paid the rental fee for the storage unit. Officer Komara was advised of this information, as well as the information provided by the CI, prior to deploying Buck at the storage units. The fact that Buck made a positive alert on storage unit number 630 is further independent corroboration of the CI's tip and provides

a sufficient basis for establishing probable cause.

Courts have held that a narcotics dog's alert for the odor of narcotics alone can establish probable cause for the presence of controlled substances. *United States v. Berry*, 90 F.3d 148, 153 (6th Cir. 1996). *See also United States v. Diaz*, 25 F.3d 392, 394 (6th Cir. 1994). However, as the defendant points out, for such a reaction to support a determination of probable cause, the training and reliability of the dog must be established. *Diaz*, 25 F.3d at 394. The defendant asserts that the affidavit filed in support of the search warrant was insufficient on its face because it did not set forth specific facts concerning the exact training that Buck received or any information about his reliability.

The affidavit filed in support of the search warrant, however, specifically states that Buck and Officer Komara have received training in narcotics detection and notes that Buck is "certified through the United States Police Canine Association in narcotic detection and both "Buck" and I recertified on June 10, 2009" [DE #17-2]. The Sixth Circuit has held that "to establish probable cause, the affidavit need not describe the particulars of the dog's training. Instead, the affidavit's accounting of the dog sniff indicating the presence of controlled substances and its reference to the dog's training in narcotics investigations was sufficient to establish the dog's training and reliability." *Berry*, 90 F.3d at 153. *See also United States v. Daniel*, 982 F.2d 146, 151, n.7 (5th Cir .1993)(rejecting defendant's argument that an affidavit must show how reliable a drug-detecting dog has been in the past in order to show probable cause); *United States v. Venema*, 563 F.2d 1003, 1007 (10th Cir. 1977)(stating that an affidavit in support of a search warrant need not describe the drug-detecting dog's educational background and general qualifications with specificity to establish probable cause). The affidvait in this case clearly meets those requirements.

Therefore, based on an examination of the search warrant, this Court agrees with the issuing

judge's conclusion that the affidavit provides a substantial basis to support a finding of probable cause. Accordingly, the defendant's motion to suppress will be denied.

IV. **CONCLUSION**

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** that the defendant's motion to suppress [DE #14] is **DENIED**.

This September 1, 2009.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**