UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 09-113-KKC

UNITED STATES OF AMERICA, PLAINTIFF,

V.   OPINION AND ORDER

DAVID ATREYEL CAMPBELL, DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \*

The defendant, David Atreyel Campbell, has moved the Court to assist him in obtaining a reduction in his sentence for completing the 500-Hour Residential Drug and Alcohol Program (RDAP) while in prison (DE 43).

Campbell alleges that the Bureau of Prisons (BOP) has refused to award him a sentence reduction for completion of the program because it has determined that he is currently imprisoned for a firearms offense. He asks the Court to modify its judgment to make clear that he is not currently imprisoned for a firearms offense or, alternatively, to advise the BOP of that fact.

RDAP is a drug abuse treatment program for federal inmates. 28 C.F.R. § 550.50. A federal statute grants the BOP the discretion to reduce the sentence of a prisoner convicted of a nonviolent offense who successfully completes the RDAP. 18 U.S.C. § 3621(e)(2)(B). This Court has only limited jurisdiction to review the BOP's decisions to grant or deny a sentence reduction for completion of the program. *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011); *Davis v. Beeler*, 966 F. Supp. 483, 489 (E.D.Ky. 1997).

Here, however, Cambpell does not appear to request that this Court review the BOP's decision. Instead, he asks this Court to clarify that he is not currently incarcerated for any firearms offenses, but instead for drug crimes.

As to Campbell's request that the Court make that clarification by amending its judgment, it has no jurisdiction to do so. Title 18 U.S.C. §3582(c)(1)(B) provides that "the court may modify an

imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Only two statutory provisions permit such a modification: 28 U.S.C. §§ 2106 and 2255, both of which are inapplicable here.

That leaves Rule 35which provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The rule's 14-day time period is jurisdictional. *United States v. Hall*, 661 F.3d 320, 322 & n.1 (6th Cir. 2011). There are two judgments at issue in this case, both of which were entered May 31, 2013. Accordingly, it is too late for the Court to amend either judgment under Rule 35.

A court also has jurisdiction to amend a sentence in conformity with Rule 36 of the Federal Rules of Criminal Procedure, which provides "the court may at any time correct a clerical error in a judgment, order or other part of the record, or correct an error in the record arising from oversight or omission." However, "[r]ule 36 authorizes a court to correct only clerical errors in the transcription of judgments, not to effectuate its unexpressed intentions at the time of sentencing." *United States v. Robinson*, 368 F.3d 653, 656-57 (6th Cir.2004) (citation omitted). Because Campbell does not seek to correct a clerical error in this Court's judgment, Rule 36 does not apply.

Accordingly, the Court cannot amend either judgment. The Court will, however, clarify by way of this opinion that Campbell is not currently incarcerated for violating any firearms offense.

Campbell was sentenced three times by this Court. The first sentence occurred in December 2009. *United States v. David Atreyel Campbell,* Criminal Action No. 5:09-cr-113 (E.D. Ky. filed June 18, 2009). In that action, Campbell pleaded guilty to possessing a firearm as a convicted felon and the Court sentenced him to 24 months of imprisonment. He served that term.

Upon being released from prison, Campbell was indicted again, this time for drug trafficking charges. *United States v. David Atreyel Campbell, et al.*, Criminal Action No. 5:12-cr-79 (E.D. Ky. filed Aug. 16, 2012). He pleaded guilty to one count of conspiring to distribute cocaine

2

base and one count of distributing cocaine. That same activity also violated the terms of his supervised release on the 2009 gun charge.

Accordingly, on May 30, 2013, the Court conducted a combined sentencing hearing on the drug convictions in the new Criminal Action No. 5:12-cr-79 and revocation hearing in the old Criminal Action No. 5:09-cr-113. The Court sentenced Campbell to a total of 66 months for the drug convictions in Criminal Action No. 5:12-cr-79 and to a term of six months for violating his supervised release in Criminal Action No. 5:09-cr-113. The Court ordered that the six-month term should be served consecutive to the 66-month term.

Accordingly, Campbell is no longer imprisoned for any firearms charge. He is imprisoned for drug trafficking and for violating the terms of his supervised release by that same activity.

For all these reasons, the Court hereby ORDERS that the defendant's motion (DE 43) is DENIED to the extent that he requests that the Court amend its judgment and is GRANTED to the extent that he requests that the Court clarify that he is not currently incarcerated for any firearms offense.

Dated June 25, 2015.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

3